UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
------------------------------------------------------------------X

S&S CONSTRUCTION, LLC,

                     Plaintiff,

      -against-

UNITED RENTALS (NORTH AMERICA), INC., and
UNITED RENTALS, INC.,

                    Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

**2:15-CV-712 (NGG) (SRW)**

NICHOLAS G. GARAUFIS, United States District Judge.[1]

      Plaintiff S&S Construction, LLC, asserts putative class claims against Defendants United Rentals (North America), Inc., and United Rentals, Inc. (Am. Compl. (Dkt. 14).) Plaintiff asserts claims for breach of contract and violations of the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Fla. Stat. §§ 501.201 et seq. Pending before the court are Defendants' motion to dismiss all claims (the "Motion to Dismiss") (Defs. 2d Mot. to Dismiss (Dkt. 18)), Plaintiff's motion for leave to file a second amended complaint (the "Motion to Amend") (Pl. Mot to Am. (Dkt. 23)), and Defendants' application for a hearing on the pending motions (the "Application for Status Conference") (Defs. Status Conf. Appl. (Dkt. 38)). For the reasons set forth below, the court GRANTS IN PART Defendants' Motion to Dismiss and RESERVES RULING on the remaining arguments therein; GRANTS IN PART Plaintiff's Motion to Amend; and DENIES Defendants' Application for Status Conference.

---

[1] The Honorable Nicholas G. Garaufis, United States District Judge for the Eastern District of New York, sitting by designation.

1

## I. BACKGROUND

### A. Plaintiff's Allegations

Defendants operate "one of the largest equipment rental companies in the United States."[2] (Am. Compl. ¶ 1.) Defendants "charge[] a rental rate which is established in a uniform, pre-printed contract." (Id.) "[I]n addition to this rate," Defendants' customers may be charged three types of charges (the "Charges"): (1) "Refueling Charges," which apply "[w]hen a customer rents equipment which runs on fuel and does not return the equipment fully fueled"; (2) "Environmental Charges," which, according to Defendants' contracts, are "designed to recover [Defendants'] direct and indirect expenses for handling, managing and disposing of waste products, hazardous materials, and related administrative costs"; and (3) "Pickup Charges and Delivery Charges," which customers pay when Defendants deliver or retrieve rented equipment. (Id. ¶¶ 2-5.)

Plaintiff, "an Alabama limited liability company," has "rented from [Defendants'] stores in Alabama, Florida, and Georgia, and [has] paid each of the [Charges] at issue in this case." (Id. ¶ 13.) Plaintiff offers no further allegations regarding its contractual history with Defendants concerning, for example, the number of contracts entered into in each state, the date on which each contract was executed or performed, or the amount Plaintiff paid in rental fees or Charges. Plaintiff did not attach example contract documents to any pleadings.

Plaintiff asserts that the Charges are unlawful because the amounts charged do not reflect Defendants' actual underlying costs. (Id. ¶¶ 2-5.) For example, Plaintiff argues that Defendants' Refueling Charge bills customers for "much more than [the actual] cost of fuel." (Id. ¶ 2.) Plaintiff does not provide numerical estimates of the alleged overcharge amounts.

---

[2] Plaintiff alleges that "Defendants operate as a single organization with regard to the conduct at issue in this lawsuit." (Am. Compl. ¶ 16.) Defendants contest this allegation. (See Defs. Mem. in Supp. of 2d Mot. to Dismiss (Dkt. 19) at 24-26.)

2

### B. Plaintiff's Putative Class Claims

Plaintiff asserts putative class claims for breach of contract (the "Contract Class") and violations of FDUTPA (the "FDUTPA Subclass"). The Contract Class would include all persons "who rented equipment from United stores located in Alabama, Georgia, or Florida" using "the standard pre-printed, written contract," and who paid at least one of the Charges "during the applicable statute of limitations."[3] (Id. ¶ 19.) Plaintiff asserts that Defendants "breached the written contracts at issue" by charging "excessive and unlawful" amounts. (Id. ¶ 49.)

The FDUTPA Subclass would include all persons "who rented equipment from United stores located in Florida," and who paid at least one of the Charges "during the applicable statute of limitations."[4] (Id. ¶ 20.) Plaintiff asserts that members of the putative FDUTPA Subclass "have been harmed by [Defendants'] unconscionable, deceptive, and unfair acts and practices" because, although Defendants characterize the Charges as "legitimate" fees that are "designed to recover the costs" Defendants incur for particular purposes, "none of these fees bear any relation to any increased costs nor any actual costs incurred by [Defendants.]" (Id. ¶ 54.)

Plaintiff defines several exclusions from the proposed class and subclass, including "all claims arising out of a contract that contains a class action waiver or an arbitration clause" and "all claims arising out of a contract that disclosed the precise amount of the Environmental Charge or Refueling Charge on the front of the contract." (Id. ¶¶ 21-22.)

### C. Procedural History

Plaintiff initiated this action on September 25, 2015. (Compl. (Dkt. 1).) Defendants moved to dismiss the complaint on November 10, 2015, asserting arguments as to standing,

---

[3] The Amended Complaint is inconsistent in defining this claim. The Contract Class definition mentions only the Environmental and Refueling Charges. (Am. Compl. ¶ 19.) In Plaintiff's articulation of the breach of contract claim, however, Plaintiff purports to assert claims based on all three of the Charges. (See id. ¶ 49.)

[4] Unlike the Contract Class, the FDUTPA Subclass definition does not appear to be explicitly limited to customers who rented equipment using a uniform, pre-printed contract.

3

personal jurisdiction, venue, and the sufficiency of Plaintiff's allegations. (Defs. 1st Mot. to Dismiss (Dkt. 12); Defs. Mem. in Supp. of 1st Mot. to Dismiss (Dkt. 12-1).) On November 23, 2015, District Judge Myron H. Thompson[5] issued an order finding that Plaintiff had failed to establish diversity jurisdiction under 28 U.S.C. § 1332(d). (Nov. 23, 2015, Order (Dkt. 13).) Judge Thompson ordered that the case be dismissed without prejudice unless Plaintiff filed an appropriately amended complaint within seven days. (Id.)

Plaintiff filed the Amended Complaint on November 30, 2015. (Am. Compl.) On December 17, 2015, Defendants filed the instant Motion to Dismiss, asserting substantially similar arguments as in their prior motion. (Compare Defs. Mem. in Supp. of 2d Mot. to Dismiss ("Defs. Mem.") (Dkt. 19) with Defs. Mem. in Supp. of 1st Mot. to Dismiss.)

On April 13, 2016, Plaintiff filed the instant Motion to Amend. (Pl. Mot. to Am.) "The [Proposed] Second Amended Complaint is identical to the First Amended Complaint except that the Second Amended Complaint adds a single additional class representative," Wells Land Development, Inc. (Id.; see also Proposed 2d Am. Compl. (Dkt. 23-1).)

## II. DISCUSSION

Defendants assert that Plaintiff lacks standing to assert all but one of the claims enumerated in the Amended Complaint because Plaintiff did not enter into any actionable contracts in Florida or Georgia. The court finds that this argument constitutes a factual, rather than a facial, challenge to subject matter jurisdiction. The court may therefore consider extrinsic evidence. Plaintiff has failed to counter Defendants' proffered evidence of the parties' contractual history, and so the court dismisses for lack of standing all claims premised on contracts entered into in Florida or Georgia.

---

[5] This case was reassigned to the undersigned on July 21, 2016. (Not. of Reassignment (Dkt. 29).)

At this time, the court defers ruling on Defendants' arguments as to the validity of Plaintiff's sole remaining claim.[6] Rather, the court grants in part Plaintiff's Motion to Amend, thereby affording Plaintiff an opportunity to cure the jurisdictional defects identified in this opinion, and also to address, if desired, the other issues raised in Defendants' Motion to Dismiss.

**A. Defendants' Motion to Dismiss**

1. Legal Standards

    a.   *Article III Standing*

"The Constitution limits the jurisdiction of the federal courts to actual cases or controversies." Florence Endocrine Clinic, PLLC v. Arriva Med., LLC, 858 F.3d 1362, 1366 (11th Cir. 2017) (citing U.S. Const. Art. III, § 2). "[T]he irreducible constitutional minimum of standing consists of three elements." Id. (quoting Spokeo, Inc. v. Robins, 136 S. Ct. 1540, 1547 (2016)). "The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Id. (quoting Spokeo, 136 S. Ct. at 1547).

    b.   *Dismissal for Lack of Jurisdiction*

Federal Rule of Civil Procedure 12(b)(1) authorizes defendants to move for dismissal of a claim based on "lack of subject matter jurisdiction." Fed. R. Civ. P. 12(b)(1). "[T]he burden of establishing jurisdiction" falls on "the party bringing the claim." United States ex rel. Saldivar v. Fresenius Med. Care Holdings, Inc., 841 F.3d 927, 932 (11th Cir. 2016) (citing Sweet Pea Marine, Ltd. v. APJ Marine, Inc., 411 F.3d 1242, 1247 (11th Cir. 2005)).

> Rule 12(b)(1) motions to dismiss for lack of subject matter jurisdiction can be asserted on either facial or factual grounds. Facial challenges to subject matter jurisdiction are based solely on

---

[6] Because Plaintiff's sole remaining claim arises out of contracts entered into in Alabama, the court need not address Defendants' arguments as to the proper venue for claims arising out of contracts entered into in other states. (See Defs. Mem. at 23–24.)

> the allegations in the complaint. . . . However, where a defendant raises a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence such as deposition testimony and affidavits.

Carmichael v. Kellogg, Brown & Root Servs., Inc., 572 F.3d 1271, 1279 (11th Cir. 2009) (citing Morrison v. Amway Corp., 323 F.3d 920, 925 n.5 (11th Cir. 2003)); see also Houston v. Marod Supermarkets, Inc., 733 F.3d 1323, 1335-36 (11th Cir. 2013). When assessing a factual challenge—that is, when the challenge relies on actual "jurisdictional evidence" rather than the allegations in the complaint—the court is "free to weigh the facts and [is] not constrained to view them in the light most favorable to [the plaintiff]." Carmichael, 572 F.3d at 1279.

"A dismissal for lack of subject matter jurisdiction is not a judgment on the merits and is entered without prejudice." Stalley ex rel. United States v. Orlando Reg'l Healthcare Sys., Inc., 524 F.3d 1229, 1232 (11th Cir. 2008) (citing Crotwell v. Hockman-Lewis Ltd., 734 F.2d 767, 769 (11th Cir. 1984)).

### 2. Analysis

Plaintiff assert putative class claims based on rental agreements with the following features: (1) the contract was entered into in Alabama, Florida, or Georgia during the applicable statute of limitations; (2) the contract did not contain "a class action waiver or an arbitration clause"; (3) the contractual parties used a version of Defendants' contract that did not "disclose the precise amount of the Environmental Charge or the Refueling Charge on the front of the contract"; and (4) the customer ultimately payed at least one of the Charges. (Am. Compl. ¶¶ 19-22.)

Nowhere does Plaintiff specifically allege the existence of any contract that satisfies those criteria. Defendants aver that, based on "a diligent search of available United Rentals records at the time of filing," Plaintiff's only eligible contracts were entered into in Alabama.

(Defs. Mem. at 8-10; see also Summary of Pl.'s Rental Agreements with United Rentals (Dkt. 12-2) (summarizing the key features of Plaintiff's rental agreements during the relevant time period, as documented in additional exhibits).) Defendants specifically assert that "Plaintiff did not enter into any agreements for equipment rental with United Rentals locations in Georgia" during the relevant period, and that, while Plaintiff did rent equipment in Florida, the Florida contracts all either contained a class action waiver or did not include payment of any Charge at issue in the lawsuit. (Defs. Mem. at 8-9.) "With regard to United Rentals locations in Alabama," however, "Plaintiff entered into four agreements that contained the disputed [C]harges, none of which contain a class action waiver." (Id. at 9.)

Based on that evidence, Defendants argue that Plaintiff lacks standing to assert putative class claims for breach of contract under Florida or Georgia law, or for violations of Florida's Deceptive and Unfair Trade Practices Act. (Id. ("Plaintiff entered into a different agreement than the majority of its alleged classes, has not suffered the same alleged injuries those purported classes allege to have suffered, and thus lacks standing to represent those classes.").) The court construes this as a factual attack on subject matter jurisdiction, and so the court may properly consider Defendants' extrinsic evidence. Carmichael, 572 F.3d at 1279.

Plaintiff "disputes [Defendants'] factual assertion" regarding standing. (Pl. Opp'n to Defs. 2d Mot. to Dismiss ("Pl. Opp'n") (Dkt. 20) at 13.) Plaintiff does not elaborate on that stance, however, either as to the comprehensiveness or the validity of Defendants' proffered evidence. Absent competing evidence—or even competing allegations in the Amended Complaint—the court declines to accord any weight to Plaintiff's conclusory objection.

Plaintiff also argues that, as a matter of law, the question of "whether putative class representatives are members of each of the classes they seek to represent is a question of their

7

adequacy as a class representative, not their standing to pursue the claims." (Id. (citation omitted).) Plaintiff contends that "whether class representatives are adequate representatives of the class is a factual question to be resolved at [the] class certification" stage, particularly in light of Defendants' "reliance on documents beyond the scope of the [pleadings]." (Id. at 14 (citations omitted).)

Plaintiff is correct that the adequacy of a putative class representative is a component of the required analysis when adjudicating a motion for class certification. See Fed. R. Civ. P. 23(a)(4). However, a court may not adjudicate a class certification motion if the court lacks subject matter jurisdiction over the claims asserted therein. See Wooden v. Bd. of Regents of Univ. Sys. of Georgia, 247 F.3d 1262, 1287 (11th Cir. 2001) ("[A]s a prerequisite to certification, it must be established that the proposed class representatives have standing to pursue the claims as to which classwide relief is sought." (emphasis added)). Indeed, a court is required to dismiss an action sua sponte if, at any time, the court discerns a jurisdictional defect. Fed. R. Civ. P. 12(h)(3). No class has yet been certified in this action. At this stage, the court must dismiss for lack of jurisdiction any claim that Plaintiff itself does not have standing to litigate.

The court finds that Plaintiff lacks standing to assert any claims that do not arise out of contracts entered into in Alabama. Defendants have searched their records and offered evidence that Plaintiff never paid any of the disputed Charges in Florida or Georgia during the relevant time period, except in connection with excluded contracts that contained class action waivers. Plaintiff has not meaningfully contested that evidence. Absent any qualifying Charge payment in Florida or Georgia, Plaintiff has not suffered a redressable injury in fact for purposes of his putative class claims under the common-law contract doctrines or consumer protection statutes in

8

Florida and Georgia.[7] See Spokeo ("To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is . . . 'actual or imminent, not conjectural or hypothetical.'" (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)). Therefore, the courts grants Defendants' Motion to Dismiss in part and dismisses, without prejudice, all claims except those arising out of contracts entered into in Alabama.

### B. Plaintiff's Motion to Amend

Plaintiff seeks leave to file a second amended complaint that adds an additional plaintiff. (Pl. Mot. to Am.; Proposed 2d Am. Compl.) Defendants oppose the Motion to Amend on grounds of futility and unjustified delay. (Defs. Opp'n to Mot. to Am. (Dkt. 27).) The court is cognizant of Rule 15's directive that leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).

The majority of Plaintiff's claims have been dismissed without prejudice. In addition, by adding or modifying allegations regarding the location of, provisions in, and parties to specific contracts, Plaintiff may be able to address—or may capitulate to—certain among Defendants' arguments in favor of dismissal. The court therefore grants Plaintiff's Motion to Amend in part. Plaintiff will have an opportunity to file a second amended complaint, which need not be identical to the proposed second amended complaint that Plaintiff attached to the Motion to Amend.

### III. CONCLUSION

For the reasons stated above, the court GRANTS IN PART and RESERVES RULING IN PART on Defendants' Motion to Dismiss (Dkt. 28); GRANTS IN PART Plaintiff's Motion to

---

[7] It is conceivable that Plaintiff could assert individual claims under Florida law. Defendants represent that Plaintiff entered into four rental agreements in Florida that involved payment of at least one Charge, but which also included class action waivers. (Defs. Mem. at 8-9.) Plaintiff appears to have foregone any claims based on contracts that contain class action waivers, however. (Am. Compl. ¶ 48 ("Plaintiff's claims are based only upon such contracts which do not contain a class waiver or arbitration clause.").)

9

Amend (Dkt. 23); and DENIES Defendants' Application for Status Conference (Dkt. 38). The court dismisses, without prejudice, all claims in the Amended Complaint except Plaintiff's putative class claim for breach of contract arising out of contracts entered into in Alabama. Plaintiff may file a second amended complaint within 30 days of the issuance of this order. If Plaintiff does not so file, the court will rule on the remaining arguments in Defendants' Motion to Dismiss.

SO ORDERED.

Dated: Brooklyn, New York
July 18, 2017

/s/ Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge